**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY and** | § | |
| **STATE FARM COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. SA-22-CA-0806-JKP (HJB)** |
| | § | |
| | § | |
| **SANJAY MISRA, M.D. and** | § | |
| **SANJAY MISRA, M.D., P.A.,** | § | |
| | § | |
| *Defendants*. | § | |

<u>**NON-PARTY THE DAVIS LAW FIRM'S**</u>
<u>**OPPOSED MOTION TO QUASH OR FOR PROTECTIVE ORDER**</u>

The Davis Law Firm ("DLF"), a non-party to this action, moves this Court, pursuant to Rule 45(d)(3), to quash the subpoena propounded upon it by Plaintiffs, State Farm County Mutual Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively, "State Farm"). Alternatively, DLF moves for a protective order pursuant to Rule 26(c). In support of its Motion, DLF would show the Court the following.

## I. INTRODUCTION.

On or about January 19, 2023, DLF received a letter that included a copy of Notice of Non-Party Subpoena from State Farm; a copy is attached as Exhibit 1 (the "Subpoena"). The State Farm Subpoena targets DLF and requires production of documents and communications, and further commands that State Farm be permitted inspection or copying of the material sought in the rider to the Subpoena. The stated deadline is: "[w]ithin twenty-one (21) days of service." (Exhibit 1.) DLF contested the manner of service of the Subpoena to State Farm's counsel; DLF and State

Farm entered an agreement that the service date of the Subpoena would be deemed to be February 1, 2023 and the deadline for DLF's response would be February 15, 2023 (this agreement is attached as Exhibit 2).

State Farm's Subpoena contains four requests:

1. All Documents and Communications exchanged between You and any Defendant, or anyone acting on the behalf of any Defendant, regarding the claims and/or individuals identified in the attached Exhibit A, including but not limited to any Communications regarding the scheduling, rendering, and/or billing of treatment by Sanjay Misra, M.D. and/or Sanjay Misra, M.D., P.A., including but not limited to letters of protection, medical records, bills, bill reduction letters, and Communications or Documents reflecting the referral or solicitation of those individuals for healthcare services.

2. All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement disbursement sheets, total settlement amounts, and total disbursement amounts.

3. All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

4. All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

(Exhibit 1, p. 8.) A spreadsheet listing individuals purported by State Farm to be patients of Dr. Misra, as identified by personal information under four columns entitled State Farm Claim Number, Patient Initials, Date of Accident, and DOB is attached as "***Exhibit A***" to the Subpoena rider. (Exhibit 1) State Farm lists one hundred and sixteen (116) patients who are purported to be clients represented by DLF in personal injury claims.

First, Federal Rule of Civil Procedure 45(d)(1) leaves no discretion, the Court must quash or modify the Subpoena because compliance with it subjects this non-party to an undue burden.

2

Fed. R. Civ. P. 45(d)(1). Second, it is also a proper exercise of the Court's discretion to strike the Subpoena because, in addition to the undue burden, the Subpoena seeks information beyond the scope of discovery and that is not relevant to State Farm's claims or the Misra Defendants' defense. Fed. R. Civ. P. 26(b)(1).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) governs the issuance of subpoenas to obtain discovery from non-parties.  State Farm, as the party issuing the Subpoena, "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  The Court must, on a timely motion, quash or modify a subpoena that requires disclosure of privileged or other protected matters, or otherwise subjects a person targeted by the subpoena to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

The Court may also, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," through various safeguards within Rule 26(c)(1), including, among others, staying aspects of the discovery, forbidding the disclosure or discovery, specifying terms (including permitted uses or the allocation of expenses) for the disclosure or discovery, and forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

The Court can properly limit the scope of discovery when "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Federal Rule of Civil Procedure 26(b)(1) defines the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

3

expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). In other words, discovery on matters not "relevant to any party's claim or defense" **_and_** not "proportional to the needs of the case" is not within the scope of Rule 26(b)(1).

### III.     ARGUMENT AND AUTHORITIES.

While Rule 26(b) may be broad, it cannot be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition."  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).  DLF has timely filed this Motion to Quash and For Protective Order before the time for performance. Fed. R. Civ. P. 45(d)(3)(A).  DLF has standing to challenge the Subpoena which affects a personal right or claim of privilege with respect to the subpoenaed materials.  DLF has a personal interest in protecting the attorney-client privilege and protecting the health information of its clients sought by Request No. 1. Moreover, DLF has a personal right in the information and communication records sought by the Subpoena that is sufficient to confer standing for purposes of quashing, modifying, and gaining the Court's protection against the Subpoena to DLF. *E.g., Turnbow v. Life Partners, Inc.*, No. 3:11-CV-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013) (citing *Canyon Partners, L.P. v. Developers Diversified Realty Corp.*, No. 3:04–CV–1335–L, 2005 WL 5653121, at *1 (N.D. Tex. Nov. 4, 2005); *Bramell v. Aspen Exploration, Inc.*, No. 4:05–CV–384, 2008 WL 4425368, at *2 (E.D. Tex. Sep. 24, 2008).

### A.     *Motion to Quash or Modify Oppressive and Harassing Subpoena.*

The Subpoena to DLF contains document requests which seek billing, financial, and other sensitive accounting records and communications pertaining to Defendants' medical practice and patients, the patients just happen to also be DLF clients (assuming the list attached to the Subpoena is correct). *See* Exhibit A. The period covered by State Farm's document requests is January 2017 to the present. Though this provides *some* limitation, State Farm's Subpoena is nonetheless

oppressive, harassing, and imposes an undue burden on non-party DLF by seeking: (i) all records of communications with Defendants about certain patients at issue in the complaint; (ii) all records reflecting settlements and payments concerning those patients, whether or not these documents involve Defendants; (iii) all records reflecting any contracting, financial, and other arrangements with Defendants; and (iv) all documents that reflect payments to and/or received from Defendants.

To determine whether the Subpoena imposes an undue burden, the burden to the non-party DLF must be weighed against the value of the information to State Farm.  The following factors are considered by Courts in the Fifth Circuit when evaluating whether a subpoena imposes an undue burden: (1) relevance of the information requested; (2) the need of the party (State Farm) for the documents; (3) the breadth of the document requests (very wide here); (4) the time period covered by the request; and (5) the particularity with which the party describes the requested documents; and (6) the burden imposed (which is significant).  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). If the target of the subpoena is a non-party, as DLF is here, the Court may also consider expenses and inconvenience caused by the Subpoena. *Id.*

Rule 45(c)(3) requires a court to quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv); *see also Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).  A facially overbroad subpoena is unduly burdensome. *Id.* Requests Nos. 3 and 4 are not limited by any reasonable restriction or scope because, unlike Nos. 1 and 2, the last two are not confined to patients of Dr. Misra.  To comply with the Subpoena, DLF will need to hire or contract additional staff to review 116 case files and the accompanying medical documentation in order to select, prepare and produce any responsive documents.  There is no surplus labor at DLF that can be deployed for this time-consuming purpose without sacrificing some of DLF's work representing other clients.   Moreover, much of the information being

5

requested by State Farm is already available in the patient files of Dr. Misra or his practice.

The overbroad nature of the Subpoena is shown in Request No. 2, which is extremely overbroad in requesting information that goes far beyond anything relating to the Misra Defendants.  The requests seeks "All documents . . . *reflecting* the disbursement of settlement or litigation proceeds" for DLF clients regardless of whether the disbursement was to Defendants or to one of the other hundreds of healthcare providers that might have treated these 116 DLF clients. It makes these requests even though Defendants are in no way involved in resolving DLF client litigation and do not participate in the process of disbursing settlement funds to DLF clients or their healthcare providers; Defendants are only one of many healthcare providers that may be involved in these files. The request also demands privileged documents between DLF and its clients.  It is difficult to see what relevance DLF's attorney-client privileged communications, or it communications with other healthcare providers of these clients,  could have to a dispute between State Farm and the Misra Defendants.  The "settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts" that DLF finalizes with its clients – which occurs without any participation by Defendants and which by nature involve all of a client's providers– cannot possibly be relevant to a lawsuit that does *not* involve DLF.

Request Nos. 1 and 4 pertaining to documents between DLF and Defendants are, of course, also contained in Misra Defendants' files—who would by definition be the other party in any responsive communications that might exist.  This means State Farm can simply obtain these same documents through party discovery from Defendants and any discovery from DLF is duplicative and unnecessary.

For these several reasons, the Court should find the Subpoena to DLF must be quashed because the Document Requests contained therein are facially overbroad, present an undue burden

to non-party DLF, and are unnecessary and duplicative.

For purposes of the undue burden test, relevance is measured according to Rule 26(b)(1). Accordingly, information is relevant if it "bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party." *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022).  State Farm alleges a RICO enterprise comprised entirely of Sanjay Misra, M.D and Sanjay Misra, M.D., P.A. (Docket 1, ¶¶ 69-71). The Subpoena to DLF seeks documents not relevant to any claim or defense of a party by seeking information concerning a non-party outside the alleged RICO enterprise. *See* Fed. R. Civ. P. 26(b)(1), (2)(C)(iii); (Docket 1, ¶¶ 69-71).  State Farm's needs/requests as to DLF are not proportional to the needs of the case and considering the burden and expense associated with compelling non-party DLF to produce the discovery sought, any likely benefit to State Farm is far outweighed.

**B.      *Motion for Protective Order.***

**1.      TO STAY DISCOVERY FROM NON-PARTIES.**

DLF understands that Defendants have moved the Court to stay discovery involving any requests to entities or persons which are not parties to this suit, pending the outcome of their motion to dismiss to avoid expensive and time-consuming discovery on causes of action which may not survive.  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  A district court properly exercises its discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c).  Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.  *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990).  Discovery is not justified when cost and inconvenience will be its sole result. *Id.*

(discovery properly denied where it "could not have added any significant facts and would only have been expensive and burdensome").

State Farm's lawsuit asserts two causes of action against the Misra Defendants; Count I for violating the RICO, and Count II for the equitable claim of money had and received. (Docket Entry 1, ¶12.)  On August 18, 2022, Defendants filed a Motion to Dismiss with prejudice State Farm's Complaint in its entirety, pursuant to Rules 12(b)(1), 12(b)(6), and 9(b). (Docket Entry 13.) DLF understands the motion to dismiss and the opposition to it are fully briefed and awaiting Court consideration. It is also DLF's understanding that Defendants' motion to dismiss will be dispositive of all State Farm's causes of action. As a result, the Subpoena to DLF is of no help towards resolving the claims or defenses of either party.

Since the discovery is not needed to resolve the motion to dismiss—and perhaps not needed at all—allowing discovery to continue would be unduly expensive and burdensome, especially to non-parties like DLF. The adjudication of the motion to dismiss will avoid the need for costly and time-consuming discovery.  The Fifth Circuit has found a showing such as this by movant is sufficient to meet the prima facie burden to show a protective order is warranted. *Landry*, 901 F.2d at 435–36.   There is good cause for the Court to stay or postpone all discovery involving non-parties until resolution of the motion to dismiss.

Finally, a stay on discovery from non-parties will not prejudice State Farm.  The Subpoena to DLF does not seek material or information which may be lost or become otherwise undiscoverable if discovery is stayed.  State Farm will have time to re-engage non-parties in discovery if any of its claims survive Defendants' motion to dismiss.  Any prejudice against State Farm from a delay in discovery can be mitigated by appropriately amending the scheduling order to allow adequate time for discovery before the dispositive motions deadline. *See Garcia v. Lion*

*Mexico Consol., L.P.*, No. 5:15-CV-1116-DAE, 2016 WL 8711405, at *3–4 (W.D. Tex. July 29, 2016), vacated in part to resume limited discovery related to the core issues of the case after RICO claims dismissed with prejudice, No. 5:15-CV-1116-DAE, 2016 WL 6157436 (W.D. Tex. Oct. 21, 2016).  Any harm caused by a temporary stay is also outweighed by the harm – particularly violation of non-parties' privileges (those of DLF and its clients) and also burdensome and unnecessary costs – which will result from authorizing discovery from DLF when State Farm's Complaint may ultimately be dismissed.

### 2.    TO PREVENT USE OF DISCOVERY FOR IMPROPER PURPOSES OUTSIDE THIS CASE.

Non-party DLF also moves for a protective order in this case whereby the Court prevents any discovery that it may allow from DLF to be used for any purpose other than the present litigation.  DLF moves the Court to restrict the parties' use of all discovered materials to this case only. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).  Without a protective order in place, DLF is concerned that State Farm will use the subpoenaed records to try to reduce its potential liability exposure to other DLF claimants in cases now pending or which may be brought in the future.

### 3.    TO SHIFT DISCOVERY EXPENSES TO STATE FARM.

Pursuant to Rule 45(d)(2)(B)(ii), when a court orders a non-party to comply with a subpoena over an objection, "the order must protect" the non-party "from significant expense resulting from compliance."  In other words, Rule 45 requires a district court to shift a nonparty's cost of complying with a subpoena when costs are significant. *Leonard*, 38 F.4th at 490.  Likewise, Rule 26(c)(1)(B) allows the Court to allocate expenses of disclosure or discovery between the party seeking discovery and the producing party (DLF).  Because DLF's costs of complying with the Subpoena would be significant, the Court should shift those costs to State Farm.  Given the

value of the DLF's time and the number of medical and accounting records it will otherwise be required to review (multiple records relating to 116 clients), it is certain that the cost of complying will be significant. *See, e.g.*, *id.*; *Legal Voice v Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

## IV.    CERTIFICATE OF CONFERENCE.

Non-party DLF has conferred with State Farm, in accordance with Rule 26(c), in an effort to resolve the dispute without court action but State Farm and DLF's respective views of the requested discovery are so fundamentally different (as DLF believes no amount of discovery from DLF is justified in this action) that no agreement can be reached. State Farm's opposition can be assumed.

## V.    CONCLUSION.

WHEREFORE, non-party DLF requests the Court quash the Subpoena and grant protection to DLF because (i) the Subpoena subjects DLF to undue burdens and costs; (ii) the Subpoena is not properly limited in scope; (iii) the discovery is unnecessary and duplicative; (iv) the discovery sought violates DLF client privileges, and (v) the Subpoena requests information that is irrelevant and not proportional to the needs of the instant case.  DLF requests that the Court grant Non-Party DLF's Opposed Motion to Quash or For Protective Order, issue a protective order staying discovery until after the Defendants' motion to dismiss is ruled on, and, if denied, then limit the scope and use of any discovery obtained from DLF to this case only, and grant DLF its full costs of compliance and any further protection to which it may be entitled.  DLF also requests the Court award DLF its reasonable and necessary attorney fees incurred with this motion.

DATE:          February 10, 2023

Respectfully submitted,

**JERRY V. HERNANDEZ, P.C.**

10

/s/ Jerry V. Hernandez
**JERRY V. HERNANDEZ**
State Bar No. 09516870
jerryh@davislaw.com
**JASON LINNSTAEDTER**
State Bar No. 24096521
jasonl@davislaw.com
10500 Heritage Boulevard, # 1.02
San Antonio, Texas 78216
(210) 444-4444 Telephone
(210) 568-8411 Facsimile

**ATTORNEYS FOR THE DAVIS LAW FIRM**

## CERTIFICATE OF SERVICE

I certify that on this 10th day of February, 2023, a true and correct copy of the foregoing

was served by electronic mail on counsel for Plaintiffs and Defendants.

/s/ Jerry V. Hernandez
JERRY V. HERNANDEZ