UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM COUNTY MUTUAL
INSURANCE COMPANY OF TEXAS,

    *Plaintiffs*,

v.                                                                      Case No. SA-22-CV-806-JKP-HJB

SANJAY MISRA, M.D.; and
SANJAY MISRA, M.D., P.A.,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims* (ECF No. 54). Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas ("Plaintiffs" or "State Farm") seek dismissal of the two counterclaims asserted by Defendants Sanjay Misra, M.D., and Sanjay Misra, M.D., P.A. ("Defendants"). Defendants have filed a response (ECF No. 55) and Plaintiffs have filed a reply (ECF No. 56). After considering the motion, related briefing, and applicable law, the Court grants the motion and dismisses the counterclaims.

### I. BACKGROUND

Because the Court previously set out background facts when denying Defendants' motion to dismiss, it will merely supplement those facts as needed to resolve the instant motion by Plaintiffs.

After the parties complied with this Court's Standing Order (ECF No. 9), Defendants filed their First Amended Original Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint (ECF No. 53) (hereinafter referred to as "Amended Counterclaim"). In five paragraphs

leading up to their two counterclaims, Defendants set out the basis for the counterclaims. *See* ECF No. 53 ¶¶ 91-95. The next five paragraphs set out a negligence counterclaim. *See id*. ¶¶ 96-100. And the six following paragraphs set out a counterclaim of tortious interference with prospective business relations. *See id*. ¶¶ 101-06.

Unsatisfied with the factual allegations of the counterclaims, Plaintiffs moved to dismiss them. With the filing of the response and reply, the motion became ripe for ruling.

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs seek to dismiss both counterclaims asserted by Defendants. Plaintiffs argue that both claims are barred as a matter of law under a litigation privilege recognized by Texas law, and because Defendants have pled insufficient facts to withstand their motion to dismiss.

Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As this Court has previously found, Fed. R. Civ. P. 8(a)(2) applies to counterclaims as it does to all claims for relief. *United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 472 (W.D. Tex. 2020). As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the [operative pleading] in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). "And

2

despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted." *C.M. v. United States*, ___ F. Supp. 3d ___, ___, No. 5:21-CV-0234-JKP-ESC, 2023 WL 3261612, at *44 (W.D. Tex. May 4, 2023) (citing *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021)).

A well-pleaded pleading "may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, parties asserting a claim must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Parties need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id.*

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though we generally take as true what a complaint alleges, we do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). As *Twombly* states, to avoid dismissal under Rule 12(b)(6),

3

plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the party asserting the claim will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Further, while asserted defenses may support dismissal under Rule 12(b)(6), they only do so when the operative "pleading conclusively establishes the affirmative defense." *Reagan v. U.S. Bank, Nat. Ass'n*, No. CIV.A. H-13-00043, 2013 WL 510154, at *2 (S.D. Tex. Feb. 12, 2013) (addressing res judicata defense). And, although parties may raise defenses through a motion to dismiss under Rule 12(b)(6), the courts view them through the standards applicable to such motions.

## A. NEGLIGENCE

"The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). As Plaintiffs argue, Defendants negligence counterclaim fails for lack of any legal duty.

Citing Texas law, Defendants asserted that a duty to exercise ordinary care includes various actions of Plaintiffs, such as investigating, preparing a defense, trying a case, and making reasonable attempts to settle. ECF No. 53 ¶ 98. But in response to the motion, Defendants acknowledge that those duties concern different parties. ECF No. 55 at 3. More specifically, they concede that Plaintiffs owe no duty to them under *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved), a case relied on in their Amended Counterclaim. *See* ECF No. 55 at 7.

Defendants instead assert that their negligence claim is not limited to *Stowers*, and they focus on a duty that Plaintiffs have to the general public to exercise reasonable care to avoid a

4

foreseeable risk of injury to others. *Id*. at 6. They argue that Plaintiffs are responsible for their pre-suit failure to challenge the necessity or legitimacy of payments for medical care. *Id*. at 6-7. And quoting Texas law, they argue that "[w]hen a duty has not [already] been recognized in particular circumstances, the question is whether one should be." *Id*. at 7 (quoting *Kenyon*, 644 S.W.3d at 144).

When considering a negligence claim, the duty element is "[t]he threshold inquiry." *Kenyon*, 644 S.W.3d at 144 (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Several questions of law arise during this inquiry: "the existence, scope, and elements of a duty." *Id*. Whether a duty exists, "is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id*. at 145 (quoting *Phillips*, 801 S.W.2d at 525). And "[w]hen a duty has not [already] been recognized in particular circumstances, the question is whether one should be." *Id*. (quoting *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017)).

In applying Texas law on the issue of duty, courts apply several factors. *See id*. at 149. Determining whether a duty exists, and the scope of its parameters, require the courts to "weigh[] the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Id*. (quoting *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 182 (Tex. 2004)). Courts "also consider 'whether one party would generally have superior knowledge of the risk or a right to control the actor who caused the harm.'" *Id*. (quoting *Praesel v. Johnson*, 967 S.W.2d 391, 397-98 (Tex. 1998)).

While Defendants accurately represent the above law, their factual allegations do not justify recognizing a new duty not already recognized under Texas law. Relying on Plaintiffs' complaint, Defendants contend that, "[b]y at least April of 2019, Plaintiffs believed Defendants were

involved in causing the damages in this lawsuit," yet "Plaintiffs never contacted Defendants about any of the purported 'fraudulent bills and supporting documentation." ECF No. 55 at 7-8. Defendants argue that they have sufficiently alleged that "Texas public policy would recognize a duty to [them] owed from Plaintiffs under the circumstances of this case," when the pleadings are construed in the light most favorable to them. *Id*. at 8.

Under Defendants' theory, insurers would have a pre-suit duty to contact medical providers to raise issues of medical necessity. The Court does not see how this differs significantly from duties routinely rejected under Texas law. *See Allstate Ins. Co. v. Watson*, 876 S.W.2d 145 (Tex. 1994) (finding that insurers cannot have duties to non-insureds in claims handling because "insurers would be faced with owing coextensive and conflicting duties"); *Montoya v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-00005 (RCL), 2017 WL 3726058, at *2 (W.D. Tex. Aug. 29, 2017) (finding that "there is no cause of action for breach of the duty of good faith and fair dealing in the context of third-party insurance claims" and "no common law tort duty to investigate or otherwise handle claims brought by a third party against its insured"), *clarified on denial of reconsideration*, 2018 WL 3236058 (W.D. Tex. June 29, 2018); *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 817 (W.D. Tex. 2009) (recognizing that "[t[he Fifth Circuit has clearly and unequivocally concluded that no cause of action exists under Texas law for negligent claims handling"). The proposed duty to contact appears fundamentally at odds with Texas law.

Furthermore, in general, the party claiming that a duty exists has the burden to establish its existence. *Gomez*, 146 S.W.3d at 182. Defendants provide no reason why that general rule is inapplicable under the circumstances. Even viewing the alleged facts in the light most favorable to Defendants, the Court does not find that they carried their burden to show that the Court should impose a new legal duty on insurers under Texas law. Further, for the reasons stated by Plaintiffs,

the *Kenyon* framework for recognizing new legal duties does not support establishing a new duty under the facts alleged here. *See* ECF No. 56 at 6-7.

Defendants, furthermore, are not saved because Plaintiffs carry the burden for dismissal under Rule 12(b)(6). While Plaintiffs do focus on a *Stowers*-type duty, that is due to allegations in the counterclaim. Their motion is broad enough to carry their burden that Defendants failed to make enough factual allegations to survive the Rule 12(b)(6) motion. *See* ECF No. 54 at 1, 6-11.

For these reasons, Defendants have failed to state a plausible negligence claim against Plaintiffs under Texas law. Accordingly, this claim will be dismissed.

**B. TORTIOUS INTERFERENCE**

"Texas law protects prospective contracts and business relations from tortious interference." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). When a plaintiff asserts "a claim for tortious interference with prospective business relations," the plaintiff must establish the following five elements to prevail:

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*Id*. Naturally, the same elements apply when a defendant asserts such a claim as a counterclaim, except that the parties' roles reverse. Further, in the context of Rule 12(b)(6), the party asserting the claim must make sufficient factual allegations to support each element.

To plead a claim for tortious interference with prospective business relationship, Defendants "must identify clients with which [they] would have done business but for the [Plaintiffs'] conduct." *Zhejiang Med. Co. v. Kaneka Corp.*, No. CV H-11-1052, 2012 WL 12893418, at *4 (S.D. Tex. Aug. 13, 2012) (citing *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d

7

598, 676 (S.D. Tex. 2010); *accord*, *Priority Design & Serv., Inc. v. Plaza*, No. SA-19-CV-00058-OLG, 2019 WL 2124677, at *4 (W.D. Tex. May 15, 2019) (recommendation of Mag. J.) *adopted by unpub. order* No. SA-19-00058-ADA (W.D. Tex. June 25, 2019). General allegations that an opposing party "has interfered with the prospective relationships" is insufficient to permit courts to infer that such party "has interfered with any specific prospective contract or client relationship." *Zhejiang*, 2012 WL 12893418, at *4.

Here, Defendants allege that they "have established business relationships with patients seen by Sanjay Misra, M.D. at Sanjay Misra, M.D., P.A., and [they] have additional business relationships with other third parties to provide expert testimony." ECF No. 53 ¶ 104. They argue that they have "identified two separate, specific business relationships related to patients who have been injured in automobile accidents with drivers insured by Plaintiffs' policies." ECF No. 55 at 10-11. But identifying specific types of business relationships is not the same as identifying specific clients with which they would have done business. Accordingly, Defendants' amended counterclaim fails to state a plausible claim for tortious interference with prospective business relations.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims* (ECF No. 54) and **DISMISSES** Defendants' counterclaims with prejudice.

**SIGNED this 25th day of January 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**